CHIEF JUSTICE McGRATH,
concurring.
¶27 Because of the unique procedural nature of this case, CCRC is left without a resolution on the merits of its constitutional and statutory challenge to the sundry notice and forty-eight-hour provisions of Admin. R. M. 36.22.608.
¶28 The District Court determined that the challenge was not ripe because hydraulic fracturing had not occurred. The majority Opinion, which I have signed, reverses the District Court on ripeness. We conclude that the February 2014 hearing was sufficient to satisfy the right to participate challenges brought regarding the Board’s grant of the initial permit to drill, but specifically determine it is unnecessary to decide whether the Board’s forty-eight-hour notice rule may be unconstitutional in other circumstances.
¶29 The District Court specifically noted:
[T]his Court anticipates a claim regarding the constitutionality of Administrative Rules of Montana § 36.22.608(2) may become ripe for adjudication in the future if it is used to expand an APD to include fracking. The Court notes that 48 hours is a short notification period in this developing industry and recognizes that other states have expanded this time frame.
The District Court’s anticipation was strongly anchored in the record. Both the administrator and the Board made it clear they were considering a vertical wildcat well and that fracking was not proposed. As the majority notes, the Board does not challenge the District Court’s assumption and has continually guaranteed that the plaintiffs will have the opportunity to participate should any “[hydraulic] fracking ventures ... someday be brought forth.”
¶30 The Board asserts in its brief to this Court that hydraulic fracturing has not occurred at, or been proposed for, this well. It is with this understanding that I have signed the majority Opinion. If hydraulic fracturing is proposed for this well, the Board will implement procedure to ensure that the public’s right to a meaningful opportunity to participate is protected.
¶31 I concur.
JUSTICES SHEA and WHEAT join the concurring Opinion of CHIEF JUSTICE McGRATH.